**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **Kenneth W. Jones,** ) | **CASE NO. 1:11-CV-2636** |
| **Individually and as Personal** ) | |
| **Representative of Estate for** ) | |
| **Ms. June C. Jones,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| **Plaintiff,** ) | |
| ) | **MEMORANDUM OF OPINION** |
| **v.** ) | **AND ORDER** |
| ) | |
| **United States of America, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

*Pro se* Plaintiff Kenneth W. Jones, individually and as personal representative of the Estate of Ms. June C. Jones, filed a Complaint in the United States District Court for the District of Columbia against Defendants United States of America, United States Court of Federal Claims, Office of the Clerk for the United States District Court for the Northern District of Ohio, and the Social Security Administration (hereinafter referred to as the "Federal Defendants"). The Complaint also named Bryant & Stratton College and Clifford Wallace as Defendants. The District Court for the District of Columbia dismissed the Federal Defendants and transferred the case to this Court on December 5, 2011. (ECF 28). For the following reasons, Plaintiff's Complaint is dismissed.

**Background**

On January 24, 2011, Plaintiff filed a Complaint against the Federal Defendants, Bryant & Stratton College, and Bryant & Stratton Dean of Instruction Clifford Wallace in the United States

District Court for the District of Columbia. (ECF 1). As summarized by that court, the Complaint "cites myriad federal statutes in a jumbled series of allegations, pleadings, and exhibits, which seem to concern Social Security survivor benefits and his disenrollment from Bryant & Stratton [College]." (ECF 22 at 2). Plaintiff later filed a Supplement to his Complaint, in which he raised his damages claim from $50,000,000 to $75,000,000. (ECF 2).

Plaintiff's claims against the Federal Defendants were dismissed on September 28, 2011 for failure to exhaust administrative remedies. (ECF 22). On October 28, 2011, the D.C. district court entered an Order, transferring this matter to the Northern District of Ohio. (ECF 25). In its Transfer Order, that court noted that Plaintiff's claims against Defendants Bryant & Stratton and Clifford Wallace "all concern actions allegedly taken by them in Cleveland, where the relevant branch of the College is located" and further that "Plaintiff, too, lives in Cleveland." (ECF 25 at 1). Because "all parties agreed that a transfer of venue to the Northern District of Ohio was appropriate," the court transferred the matter to this Court. (ECF 25 at 1).

The Complaint is unclear, but Plaintiff's claims against Defendants Bryant & Stratton and Clifford Wallace appear to relate to Defendants' failure to allow Plaintiff to return to school and/or provide him with his academic transcript after he withdrew from the College due to medical reasons. Specifically, Plaintiff alleges he was enrolled as a student at Defendant Bryant & Stratton in Cleveland, Ohio in 2010 and pursuing a Bachelor's Degree. (ECF 1-2 at 9). On June 9, 2010, he requested a medical leave with the intent to return the following semester. (ECF 1-2 at 9). Defendant Wallace allegedly told Plaintiff that he would not be able to return to school until he paid his outstanding balance of $3,099.48. (ECF 1-2 at 10). When Plaintiff requested that Defendant Bryant & Stratton waive his debt and/or provide him with a copy of his academic request,

Defendant Wallace allegedly refused. (ECF 1-2 at 10). Plaintiff's attempts to obtain his academic transcript and return to school in November 2010 were unsuccessful. (ECF 1-2 at 10-11).

Plaintiff alleges Defendant Wallace "retains a rehearsed, subjected, stereotyped personality of the plaintiff and has selectively volunteered as a conscious member of Government Function." (ECF 1-2 at 12). He asserts Defendants Bryant & Stratton and Wallace selectively discriminated against him and interfered with a "federally protected program and/or activity." (ECF 1-2 at 14). He seeks $75,000,000 in damages. (ECF 2).

**Analysis**

Plaintiff is a frequent litigator and has been permanently enjoined from filing actions in this Court without first seeking and obtaining leave from a United States Magistrate Judge. Specifically, in October 2003, United States District Court Judge Solomon Oliver noted that Plaintiff "had instituted no less than fourteen actions, nine of which have been filed in this Court." *See Jones v. United States*, Case No. 1:03CV1597 (N.D. Ohio) (Oliver, J.) (ECF 15 at 8). All of these cases were eventually dismissed. *Id.* In light of this conduct, the Court entered an Order on October 15, 2003, enjoining Plaintiff from filing "any new lawsuits or other documents" in this Court without seeking and obtaining leave in accordance with the following procedure:

> 1. Jones must file a "Motion Pursuant to Court Order Seeking Leave to File" with any document he proposes to file, and he must attach a copy of this Order to it.
>
> 2. As an exhibit to any motion seeking such leave, Jones must also attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that: (a) the document raises a new issue which has never been previously raised by him in this or any other court, (b) the claim or issue is not frivolous, and (c) the document is not filed in bad faith.
>
> 3. As a second exhibit, Jones must identify and list: (a) the full caption of each and every suit previously filed by him or on his behalf in any court

>against each and every defendant in any new suit he wishes to file and (b) the full caption of each and every suit which he has currently pending.
>
>4. As a third exhibit to the motion, Jones must provide a copy of each complaint, identified and listed in accordance with the foregoing paragraph 3 and a certified record of its disposition.

*Id*. at 8. (hereinafter referred to as the "October 15, 2003 Order"). The Court further noted that Plaintiff's failure to comply with the terms of its Order "shall constitute sufficient grounds for this court to deny any motion for leave to file, and may be considered an act of contempt for which he may be punished accordingly." *Id.* at 9.

As noted above, Plaintiff did not originally file his Complaint in this Court. However, it is apparent that (1) his claims relate to alleged actions taken in Ohio; (2) both Defendants are located or reside in Ohio; and (3) Plaintiff himself is a resident of Ohio. (ECF 1). Moreover, in an apparent acknowledgment that the District of Columbia was not the proper venue for his action, Plaintiff agreed that "a transfer of venue to the Northern District of Ohio was appropriate."(ECF 25 at 1).

The Court will not allow Plaintiff to effectively by-pass the Court's October 15, 2003 Order by filing claims in a federal district court other than this one, only to later agree it would be "appropriate" to have them transferred to the Northern District of Ohio. The Court finds, that once this matter was transferred to this Court, Plaintiff was required to seek and obtain leave to proceed with this matter in accordance with the procedures and requirements set forth in the October 15, 2003 Order discussed above. Plaintiff failed to do so. The fact that he filed his Complaint in another federal district court is irrelevant and appears to be nothing more than an attempt to circumvent this Court's pre-filing requirements. Courts, including both the Sixth Circuit and the Northern District, have not permitted vexatious litigators to engage in this type of gamesmanship.

*See e.g. Atchison v. Farrell*, 2000 WL 1359651 (6th Cir. Sept. 15, 2000) (affirming district court's dismissal of Complaint where Plaintiff filed claims in Alabama district court against Michigan Defendants and those claims were transferred to the Western District of Michigan, which had already admonished Plaintiff for filing patently meritless, vexatious litigation); *Sumbry v. State of Indiana*, 2006 WL 3420206 (N.D. Ohio Nov. 27, 2006) (dismissing, rather than transferring, Complaint where Plaintiff filed suit in Northern District of Ohio against Indiana Defendants, where Plaintiff had been forbidden to file any action in the Indiana district courts).

**Conclusion**

Accordingly, and pursuant to the Court's October 15, 2003 Order, Plaintiff's Complaint (ECF 1) and Supplement to Complaint (ECF 2) are dismissed.

IT IS SO ORDERED.

      /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 4/23/12