**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **Kenneth W. Jones,** ) | **CASE NO. 1:11-CV-2636** |
| **Individually and as Personal** ) | |
| **Representative of Estate for** ) | |
| **Ms. June C. Jones,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| **Plaintiff,** ) | |
| ) | **MEMORANDUM OF OPINION** |
| **v.** ) | **AND ORDER** |
| ) | |
| **United States of America, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

This matter is before the Court on *pro se* Plaintiff Kenneth Jones's "Motion for Change of Venue" (ECF 36) and "Motion for New Trial and/or Relief from Judgment or Order Pursuant to Federal Rule(s) of Civil Procedure 59(b) and 60, and Fed. Civ. Judicial Procedure and Rule District & Venue" (hereinafter "Motion for New Trial"). (ECF 37).  For the following reasons, Plaintiff's Motions are **denied**.

**Background**

On January 24, 2011, Plaintiff filed a Complaint in the United States District Court for the District of Columbia against the United States of America, United States Court of Federal Claims, Office of the Clerk for the United States District Court for the Northern District of Ohio, and the Social Security Administration (hereinafter referred to as the "Federal Defendants").  The Complaint also named Bryant & Stratton College and Bryant & Stratton Dean of Instruction

Clifford Wallace as Defendants. (ECF 1). As summarized by the District Court for the District of Columbia (hereinafter "D.C. District Court"), the Complaint "cites myriad federal statutes in a jumbled series of allegations, pleadings, and exhibits, which seem to concern Social Security survivor benefits and his disenrollment from Bryant & Stratton [College]." (ECF 22 at 2). Plaintiff later filed a Supplement to his Complaint, in which he raised his damages claim from $50,000,000 to $75,000,000. (ECF 2).

Plaintiff's claims against the Federal Defendants were dismissed by the D.C. District Court on September 28, 2011 for failure to exhaust administrative remedies. (ECF 22). On October 28, 2011, that court entered an Order, transferring this matter to the Northern District of Ohio. (ECF 25). In its Transfer Order, the D.C. District Court noted that Plaintiff's claims against Defendants Bryant & Stratton and Clifford Wallace "all concern actions allegedly taken by them in Cleveland, where the relevant branch of the College is located" and further that "Plaintiff, too, lives in Cleveland." (ECF 25 at 1). Because "all parties agreed that a transfer of venue to the Northern District of Ohio was appropriate," the court transferred the matter to this Court. (ECF 25 at 1).

On April 23, 2012, this Court entered an Opinion & Order dismissing Plaintiff's Complaint. (ECF 34). In that Opinion, the Court noted that Plaintiff is a frequent litigator and has been permanently enjoined from filing actions in this Court without first seeking and obtaining leave from a United States Magistrate Judge.[1] The Court then explained:

---

[1] Specifically, in October 2003, Judge Solomon Oliver of the Northern District of Ohio noted that Plaintiff "had instituted no less than fourteen actions, nine of which have been filed in this Court." *See Jones v. United States*, Case No. 1:03CV1597 (N.D. Ohio) (Oliver, J.) (ECF 15 at 8). All of these cases were eventually dismissed. *Id.* In light of this conduct, Judge Oliver entered an Order on October 15, 2003, enjoining Plaintiff from filing "any new lawsuits or other documents" in this Court without seeking and obtaining leave in accordance with the specific instructions set forth in the Order. *Id.* at 8.

> As noted above, Plaintiff did not originally file his Complaint in this Court. However, it is apparent that (1) his claims relate to alleged actions taken in Ohio; (2) both Defendants are located or reside in Ohio; and (3) Plaintiff himself is a resident of Ohio. (ECF 1). Moreover, in an apparent acknowledgment that the District of Columbia was not the proper venue for his action, Plaintiff agreed that "a transfer of venue to the Northern District of Ohio was appropriate."(ECF 25 at 1).
>
> The Court will not allow Plaintiff to effectively by-pass the Court's [previous Order enjoining Plaintiff from filing new lawsuits without first seeking and obtaining leave] by filing claims in a federal district court other than this one, only to later agree it would be "appropriate" to have them transferred to the Northern District of Ohio. The Court finds, that once this matter was transferred to this Court, Plaintiff was required to seek and obtain leave to proceed with this matter in accordance with the procedures and requirements set forth in the October 15, 2003 Order discussed above. Plaintiff failed to do so. The fact that he filed his Complaint in another federal district court is irrelevant and appears to be nothing more than an attempt to circumvent this Court's pre-filing requirements.

(ECF 34 at 4-5). Accordingly, the Court dismissed Plaintiff's Complaint.

Plaintiff filed his Motion for Change of Venue (ECF 36) and Motion for New Trial (ECF 37) in this Court on July 30, 2012. In these Motions, Plaintiff appears to argue this Court should transfer this action back to the D.C. District Court because Plaintiff has federal claims he wishes to assert against two individuals, Lynn Mudra and Timothy Patton, whom he now attempts to add as new Defendants. Plaintiff also argues the D.C. District Court has jurisdiction over his claims against Defendants Bryant & Stratton and Clifford Wallace because Bryant & Stratton "is found doing business in Washington, D.C. as well as Virginia." (ECF 37 at 4). Finally, Plaintiff reargues the merits of his federal and state tort claims against Defendants Bryant & Stratton and Clifford Wallace.

## **Analysis**

Plaintiff's Motion for Change of Venue and Motion for New Trial are denied. As an initial

matter, Plaintiff may not seek to create a basis for transferring this action to another federal district court by attempting to add new defendants after the case has been dismissed. While Plaintiff asserts he has numerous federal claims against Lynn Mudra and Timothy Patton that would support jurisdiction in the D.C. District Court, it is clear these individuals are not named as Defendants in either the Complaint (ECF 1) or Plaintiff's "Supplement" to the Complaint (ECF 2). Moreover, the Court cannot discern any connection between these individuals and Plaintiff's remaining claims. Plaintiff identifies Messrs. Mudra and Patton as "cold case homicide investigators in the death of Ms. Carline T. Jones (The Wife of the Plaintiff)." (ECF 37 at 3). After this matter was transferred to this Court, the only remaining claims were Plaintiff's claims against Defendants Bryant & Stratton and Clifford Wallace, alleging they failed to provide him with a copy of his academic transcript and/or waive his academic debt. The Court can discern no connection between these remaining claims and Messrs. Mudra and Patton's alleged involvement in the investigation of the death of Plaintiff's wife. Finally, the Court notes that Plaintiff lists Ohio addresses for both Messrs. Mudra and Patton, further weakening Plaintiff's argument that the D.C. District Court is "the appropriate Court of this Litigation." (ECF 36 at 2).

The Court also rejects Plaintiff's argument that venue should be transferred to the D.C. District Court because Defendant Bryant & Stratton "is found doing business in Washington, D.C." (ECF 37 at 4). As noted *supra,* in transferring this action to this Court, the D.C. District Court noted that "all parties agree that a transfer of venue to the Northern District of Ohio [is] appropriate" in light of the fact that Plaintiff's claims against Defendants Bryant & Stratton and Clifford Wallace "all concern actions allegedly taken by them in Cleveland, where the relevant branch of the College is located" and "Plaintiff, too, lives in Cleveland." (ECF 25 at 1). Having

-4-

agreed that this Court is the proper venue for claims against Defendants Bryant & Stratton and Wallace, Plaintiff cannot now change his mind and seek a transfer back to the D.C. District Court.

Plaintiff has offered no colorable argument supporting his request to transfer venue back to the D.C. District Court, nor has he set forth any arguments justifying reconsideration of this Court's April 23, 2012 Opinion & Order dismissing the Complaint. Plaintiff's Motion to Change Venue (ECF 36) and Motion for New Trial (ECF 37) are, therefore, denied.

## **Conclusion**

Accordingly, for all the reasons set forth above, Plaintiff's Motion for Change of Venue (ECF 36) and Motion for New Trial (ECF 37) are denied.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 8/21/12